**WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Edward Magedson; and Xcentric Ventures, L.L.C., an Arizona limited liability company,

Plaintiffs,

vs.

Whitney Information Network, Inc., a Colorado corporation; Ronald S. Simon; Rothstein Rosenfeldt Adler, P.A., a Florida professional association; Christopher Sharp; Shawn Birken; and Steven Lippman.

Defendants.

No. CV-08-1715-PHX-DGC

**ORDER**

Xcentric Ventures, L.L.C. ("Xcentric") is an Arizona company that operates the website www.ripoffreport.com ("Ripoff Report"). As its name suggests, Ripoff Report is an online forum where users can read and post messages about businesses that purportedly have "ripped off" consumers in some manner. Edward Magedson is the manager of Xcentric and the editor of Ripoff Report.

Whitney Information Network, Inc. ("WIN") provides educational and training products and services in the areas of real estate and business investment. Among other things, WIN conducts monthly real estate seminars and advertises its services through infomercials and on various websites.

In January 2004, WIN brought suit against Xcentric and Magedson in the District Court for the Middle District of Florida ("Florida Action"). The amended complaint asserted a defamation claim based on allegations that Xcentric and Magedson authored messages on Ripoff Report falsely accusing WIN, among other things, of dishonesty and running a "scam" business. The district court granted summary judgment in favor of Xcentric and Magedson in February 2008. *See Whitney Info. Network, Inc. v. Xcentric Ventures, LLC*, No. 2:04-cv-47-FtM-34SPC, 2008 WL 450095 (M.D. Fla. Feb. 15, 2008).

**I. This Lawsuit.**

In May 2008, Xcentric and Magedson filed a complaint in Arizona state court alleging abuse of process claims against WIN, its former co-president and chief operating officer (Ronald Simon), the law firm that represented WIN in the Florida Action (Rothstein Rosenfeldt Adler, P.A. ("RRA")), and three RRA lawyers (Christopher Sharp, Shawn Birken, and Steven Lippman). Dkt. #1-3 at 5-24. RRA, Sharp, Birken, and Lippman are collectively referred to in this order as the "RRA Defendants." The action was removed to this Court.

WIN has filed a motion for change of venue, which the RRA Defendants have joined. Dkt. #14. Simon and the RRA Defendants have filed motions to dismiss for lack of personal jurisdiction. Dkt. ##17, 24. The motions are briefed. The Court will deny the motions.[1]

**II. Motions to Dismiss.**

As there is no applicable federal statute governing personal jurisdiction, Arizona's long-arm statute applies. *See Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 559 (9th Cir. 1995). Arizona Rule of Civil Procedure 4.2(a) "provides for personal jurisdiction coextensive with the limits of federal due process." *Doe v. Am. Nat'l Red Cross*, 112 F.3d 1048, 1050 (9th Cir. 1997).

Federal due process restricts "the power of [a forum state] to assert in personam

---

[1]The requests for oral argument are denied because the parties have thoroughly discussed the law and evidence and oral argument will not aid the Court's decision. *See Mahon v. Credit Bur. of Placer County, Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999).

jurisdiction over a nonresident defendant." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413-14 (1984) (citing *Pennoyer v. Neff*, 95 U.S. 714 (1878)). A nonresident defendant must have certain "minimum contacts" with the forum state such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). "[T]he relationship among the defendant, the forum, and the litigation [are] the central concern of the inquiry into" the minimum contacts necessary for personal jurisdiction. *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977).

Plaintiffs bear the burden of establishing personal jurisdiction. *See Ziegler v. Indian River County*, 64 F.3d 470, 473 (9th Cir. 1995). Because the Court is resolving Defendants' motions without an evidentiary hearing, Plaintiffs "need make only a prima facie showing of jurisdictional facts to withstand the motion[s]." *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995). That is, Plaintiffs "need only demonstrate facts that if true would support jurisdiction[.]" *Id.*

The parties agree that general jurisdiction does not exist with respect to Simon and the RRA Defendants. The Ninth Circuit has established a three-part inquiry for specific jurisdiction: (1) has the defendant purposefully directed tortious activities at the forum or a resident thereof or performed some act by which he purposefully availed himself of the privileges of conducting activities in the forum, (2) do the claims arise out of or result from the defendant's forum-related activities, and (3) is the exercise of jurisdiction reasonable? *See Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082 (9th Cir. 2000). The Court will address each of these considerations separately.

**A. Purposeful Direction or Availment.**

This test is satisfied when the defendant's non-forum conduct was purposely directed at and caused harm in the forum state. *See Calder v. Jones*, 465 U.S. 783, 788-90 (1984). The defendant "must have (1) committed an intentional act, which was (2) expressly aimed at the forum state, and (3) caused harm . . . which is suffered and which the defendant knows is likely to be suffered in the forum state." *Bancroft*, 223 F.3d at 1087 (citation omitted); *see*

*also Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1207 (9th Cir. 2006) (clarifying that the "'brunt' of the harm need not be suffered in the forum state."). Accepting Plaintiffs' factual allegations as true, as the Court must at this stage, *see Ballard*, 65 F.3d at 1498, the Court finds these elements satisfied.

First, Plaintiffs' allegation that Defendants intentionally used the Florida Action for an improper purpose satisfies the first element. *See* Dkt. #1-3 ¶¶ 39-42. Second, the Ninth Circuit has explained that express aiming occurs when the "defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state." *Bancroft*, 223 F.3d at 1087; *see Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002) ("As we have previously recognized, *Calder* stands for the proposition that purposeful availment is satisfied even by a defendant 'whose only 'contact' with the forum state is the 'purposeful direction' of a foreign act having effect in the forum state'") (citing *Bancroft*). Plaintiffs sufficiently allege that Defendants engaged in wrongful conduct targeted at Plaintiffs, whom Defendants knew to be residents of Arizona. Dkt. #1-3 ¶¶ 1, 12, 40-42; *see Menken v. Emm*, 503 F.3d 1050, 1059 (9th Cir. 2007). Finally, Plaintiffs allege that Defendants knew the harm they caused would be felt primarily in Arizona, in part because Plaintiffs filed motions to dismiss for lack of personal jurisdiction in the Florida Action. *See* Dkt. ##27 at 7-8, 29 at 8. The facts of this case satisfy all three elements of the Ninth Circuit's test for purposeful direction. The first requirement for specific jurisdiction is therefore satisfied.[2]

---

[2]"Some other circuits have limited *Calder's* reach more sharply than the Ninth Circuit." *Kowalski v. Integral Seafood LLC*, Nos. 05-679 BMK, 06-182 BMK, 2007 WL 1376378, at *2 n.1 (D. Haw. May 4, 2007). In *Wallace v. Herron*, 778 F.2d 391 (7th Cir. 1985), the Seventh Circuit concluded that the Supreme Court in *Calder* "did not make the type of dramatic change in due-process analysis of *in personam* jurisdiction" such that "any plaintiff may hale any defendant into court in the plaintiff's home state, where the defendants has no contacts, merely by asserting that the defendant has committed an intentional tort against the plaintiff." 778 F.2d at 394-95. *Wallace* held that an Indiana district court lacked personal jurisdiction over California attorneys who allegedly brought a malicious prosecution against the plaintiff in California because the defendants contacts with Indiana were "significantly more attenuated that the *Calder* defendants' contacts with

**B. Forum-Related Activities.**

"The second requirement for specific jurisdiction is that the contacts constituting purposeful [direction] must be the ones that give rise to the current suit." *Bancroft,* 223 F.3d at 1088. The Ninth Circuit "measures[s] this requirement in terms of 'but for' causation." *Id.* The requirement is easily satisfied in this case. Plaintiffs allege that the RRA Defendants and Simon actively participated in the prosecution of the Florida Action. Dkt. ##27 at 6-7, 29 at 6-8. But for the Florida Action, Plaintiffs would not have brought this lawsuit.

**C. Reasonableness.**

Where the previous two requirements are met, the burden shifts to the defendant to "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 477 (1985); *see Ballard*, 65 F.3d at 1500 (characterizing this as a "heavy burden of rebutting the strong presumption in favor of jurisdiction"). Seven specific factors must be considered in making the reasonableness determination: "(1) the extent of the defendant's purposeful interjection into the forum state, (2) the burden on the defendant in defending in the forum, (3) the extent of the conflict with the sovereignty of the defendant's state, (4) the forum state's interest in adjudicating the dispute, (5) the most efficient judicial resolution of the controversy, (6) the importance of the forum to the plaintiff's interest in convenient and effective relief, and (7) the existence of an alternative forum." *Bancroft*, 223 F.3d at 1088 (citing *Burger King*, 471 U.S. at 476-77).

**1. The extent of purposeful interjection into Arizona.**

While Defendants have had little or no direct contact with Arizona, Plaintiffs have made a prima facie showing that Defendants purposefully directed tortious conduct at Arizona residents. "On balance, the extent of [Defendants'] purposeful interjection into

---

California." *Id.* at 395; *see Allred v. Moore & Peterson*, 117 F.3d 278, 286-87 (5th Cir. 1997). While the Court is inclined to agree with *Wallace*'s treatment of *Calder*, the Court is bound by Ninth Circuit law. "[C]ases from this circuit bear out the conclusion that 'express aiming' encompasses wrongful conduct individually targeting *a known forum resident*." *Bancroft*, 223 F.3d at 1087 (citations omitted; emphasis added).

Arizona affairs is neither particularly great, nor *de minimis*. This fact appears to be neutral." *Menken*, 503 F.3d at 1060.

**2. The burden on Defendants in defending in Arizona.**

Undoubtedly, it would be more burdensome for Defendants to litigate in Arizona than in Florida. "'Nevertheless, with the advances in transportation and telecommunications and the increasing interstate practice of law, any burden is substantially less than in days past.' Although the inconvenience does not appear to be severely burdensome, this factor weighs slightly in favor of [Defendants]." *Id.* (citation omitted).

**3. The extent of the conflict with the sovereignty of Florida.**

Defendants do not dispute that the elements of an abuse of process claim are the same in both Arizona and Florida. *Compare Crackel v. Allstate Ins. Co.*, 92 P.3d 882, 887 (Ariz. Ct. App. 2004), *with Valdes v. GAB Robins N. Am., Inc.*, 924 So. 2d 862, 867 & n.2 (Fla. Dist. Ct. App. 2006); *see also* Restatement (Second) of Torts § 682 (1977). The Court finds that litigating this case in Arizona would not conflict with the sovereignty of Florida. This factor weighs in favor of Plaintiffs. *See Menken*, 503 F.3d at 1060.

**4. Arizona's interest in adjudicating the dispute.**

Arizona has a strong interest in ensuring that its residents are compensated for their injuries. *See Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1333 (9th Cir. 1984). This factor favors Plaintiffs.

**5. The most efficient judicial resolution of the controversy.**

In evaluating this factor, the Court should look "'primarily at where the witnesses and the evidence are likely to be located.'" *Menken*, 503 F.3d at 1061 (citation omitted). Because evidence and witnesses are located in both Arizona and Florida, "neither forum has a clear efficiency advantage[.]" *Id.* This factor is neutral.

**6. The importance of litigating in Arizona to Plaintiffs.**

Because Plaintiffs reside in Arizona, litigating here would be more convenient than litigating in Florida. In deciding whether specific jurisdiction exists, however, Plaintiffs' "'convenience is not of paramount importance.'" *Id.* (citation omitted).

**7. The existence of an alternative forum.**

Plaintiffs do not dispute that this action could have been brought in the Middle District of Florida. This factor favors Defendants.

**8. Consideration of all the factors.**

On balance, the seven reasonableness factors do not weigh heavily in favor of Defendants. Defendants have "not presented a compelling case that the exercise of jurisdiction would be unreasonable." *Id.* (citations omitted). The Court also notes, on the issue of reasonableness, that Defendants intentionally required the Arizona Plaintiffs to litigate the first lawsuit in Florida. The Florida Defendants cannot now argue persuasively that it is unreasonable for them to be required to litigate the second lawsuit in Arizona.

**D. Conclusion.**

The Court finds under the law of this Circuit that specific jurisdiction exists with respect to Simon and the RRA Defendants. The Court further finds that the exercise of personal jurisdiction over Defendants will not violate the principles of due process. The Court will deny the motions to dismiss.

**III. Motion to Transfer.**

WIN asks the Court to transfer this case to the Middle District of Florida pursuant to 28 U.S.C. § 1404(a). The statute authorizes such a transfer if the action could have been brought in the Middle District of Florida and "transfer is warranted by the convenience of parties and witnesses and promotes the interests of justice." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). "[T]he purpose of [section 1404(a)] is to prevent the waste of time, energy and money' and to protect litigants and the public against unnecessary inconvenience and expense." *Id.* (citation omitted).

The parties do not dispute that this action could have been brought in the Middle District of Florida. The Court must determine whether WIN has made "a strong showing of inconvenience to warrant upsetting [Plaintiffs'] choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). This determination requires the weighing of several factors: (1) the convenience of the parties, (2) the convenience of

witnesses, (3) the availability of compulsory process to compel unwilling witness attendance, (4) the availability of witnesses and their live testimony at trial, (5) the ease of access to sources of proof, (6) the differences in the costs of litigation in the two forums, (7) contacts with the chosen forum, (8) jurisdiction over the parties, (9) the state most familiar with the governing law, and (10) the relevant public policy of the forum state. *See* 28 U.S.C. § 1404(a); *Decker*, 805 F.2d at 843; *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 639 (9th Cir. 1988); *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000).

**A. The convenience of the parties and witnesses.**

Xcentric is an Arizona limited liability company and Magedson is an Arizona resident. WIN and RRA have their principal places of business in Florida and the individual Defendants are all Florida residents. Potential non-party witnesses are located in both Arizona and Florida. The convenience of the parties and witnesses is therefore "an equally neutral factor in deciding the motion for change of venue." *Advanced Semiconductor Materials v. Applied Materials, Inc.*, 30 U.S.P.Q.2d 1553, 1554 (D. Ariz. 1993).

**B. The availability of compulsory process and live testimony.**

The "availability of process to compel the testimony of important witnesses is an important consideration in transfer motions." *Arrow Elecs., Inc. v. Ducommun Inc.*, 724 F. Supp. 264, 266 (S.D.N.Y. 1989). In this case, all of WIN's witnesses are located in Florida, outside the subpoena power of this Court. *See* Dkt. #14 at 4; Fed. R. Civ. P. 45(b)(2). While live testimony is preferred whenever feasible, *see Hess v. Gray*, 85 F.R.D. 15, 25 (N.D. Ill. 1979), the Court's lack of subpoena power may be solved through the use of deposition testimony or video conference.

One of WIN's witnesses is no longer employed by WIN, while all of Plaintiffs' witnesses are employed by Xcentric. Plaintiffs could require their employee-witnesses to travel to Florida for trial, while WIN may have no power to compel one of its witnesses to travel to Arizona. *See Berry v. Potter*, No. CIV 04-2922 PHX RCB, 2006 WL 335841, at *5 (D. Ariz. Feb. 10, 2006) (discounting inconvenience to party's employee-witnesses who could be compelled to testify); *FUL Inc. v. Unified Sch. Dist. No. 204*, 839 F. Supp. 1307,

1311 (N.D. Ill. 1993) ("[I]t is generally assumed that witnesses within the control of the party calling them, such as employees, will appear voluntarily[.]").

The Court concludes that the availability of compulsory process and the availability of live testimony at trial weigh slightly in favor of transfer.

**C. The ease of access to sources of proof.**

Relevant documents are located in Arizona and Florida. As explained above, however, live witness testimony will be more accessible if the case is tried in the Middle District of Florida. This factor slightly weighs in favor of transfer.

**D. The differences in the costs of litigation in the two forums.**

Given the recent advances in electronic communication and document production, discovery costs should be about the same in either forum. *See Television Events & Mktg., Inc. v. Amcon Distrib. Co.*, 416 F. Supp. 2d 948, 971 (D. Haw. 2006). At this stage of the litigation, it cannot be determined whether the costs of travel and transportation will be greater if the case is tried in Arizona. *See* Dkt. ##14 at 6, 20 at 7-8. This factor is neutral.

**E. Contacts with the chosen forum.**

Plaintiffs' contacts in Arizona justify their choice of this forum. Defendants' contacts with Arizona, particularly those of RRA and the individual Defendants, were minimal. If this factor favors Plaintiffs, it does so only slightly.

**F. Jurisdiction over the parties.**

WIN has not raised lack of personal jurisdiction as a defense. The Court has determined that specific jurisdiction exists with respect to the RRA Defendants and Simon. This factor weighs against transfer.

**G. The state most familiar with the governing law.**

While the parties dispute whether the law of Arizona or Florida applies (*see* Dkt. ##14, 20 at 4-5), the elements of an abuse of process claim are the same in both States. *Compare Crackel v. Allstate Ins. Co.*, 92 P.3d 882, 887 (Ariz. Ct. App. 2004), *with Valdes v. GAB Robins N. Am., Inc.*, 924 So. 2d 862, 867 & n.2 (Fla. Dist. Ct. App. 2006). This factor is neutral.

**H. The relevant public policy of the forum state.**

This factor weighs strongly against transfer because Arizona has an interest in ensuring that its citizens are compensated for their injuries. *See Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1333 (9th Cir. 1984).

**I. Consideration of all the factors.**

Having carefully considered each of the relevant factors, the Court concludes that this case should not be transferred to the Middle District of Florida. "A court should not lightly disturb a plaintiff's choice of forum." *Holder Corp. v. The Main Street Distrib., Inc.*, No. CV-86-1285-PHX-RCB, 1987 WL 14339, at *8 (D. Ariz. Jan. 16, 1987) (citing *N. Acceptance Trust v. Gray*, 423 F.2d 635, 654 (9th Cir. 1970)). WIN "must make a strong showing of inconvenience to warrant upsetting [Plaintiffs'] choice of forum." *Decker Coal*, 805 F.2d at 843. WIN has not met this burden. Only three factors – the availability of compulsory process, the availability of live testimony, and the ease of access to sources of proof – weigh in favor of transfer. While those factors are important, they favor WIN only slightly and are not enough to upset Plaintiffs' choice of its home forum. The Court "will not transfer venue where the transfer will merely shift inconvenience from one party to the other. Such a result will occur in this case if the [C]ourt grants the motion to transfer." *Holder*, 1987 WL 14339, at *8. WIN's motion will therefore be denied.

**IT IS ORDERED:**

1. The motion for change of venue (Dkt. #14) is **denied**.
2. The motions to dismiss for lack of personal jurisdiction (Dkt. ##17, 24) are **denied**.
3. The Court will schedule a case management conference by separate order.

DATED this 16th day of January, 2009.

David G. Campbell
United States District Judge