**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edward Magedson; and Xcentric Ventures, L.L.C., an Arizona limited liability company,<br><br>          Plaintiffs,<br><br>vs.<br><br>Whitney Information Network, Inc., a Colorado corporation; Ronald S. Simon; Rothstein Rosenfeldt Adler, P.A., a Florida professional association; Christopher Sharp; Shawn Birken; and Steven Lippman.<br><br>          Defendants. | No. CV-08-1715-PHX-DGC<br><br>**ORDER** |

On January 16, 2009, the Court issued an order denying a motion for change of venue and motions to dismiss for lack of personal jurisdiction. Dkt. #32. Defendants have filed a motion to amend that order to include language permitting Defendants to pursue an interlocutory appeal under 28 U.S.C. § 1292(b). Dkt. 34. The motion has been fully briefed. Dkt. ##38, 43. For reasons stated below, the Court will deny the motion.

"A district court, in its discretion, may certify an issue for interlocutory appeal under 28 U.S.C. § 1292(b) if (1) there is a 'controlling question of law,' (2) on which there are 'substantial grounds for difference of opinion,' and (3) 'an immediate appeal may materially advance the ultimate termination of the litigation.'" *Lenz v. Universal Music Corp.*, No. C 07-3783 JF (RS), 2008 WL 4790669, at *1 (N.D. Cal. Oct. 28, 2008) (quoting *In re*

*Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982)). "'All three requirements must be met for certification to issue' under that statute." *Best Western Int'l, Inc. v. Govan*, No. CIV 05-3247-PHX-RCB, 2007 WL 1545776, at *3 (D. Ariz. May 29, 2007) (citation and brackets omitted).

Defendants contend that their motion meets all three requirements. The Court does not agree. Even if the personal jurisdiction issue is a controlling question of law (*see* Dkt. #34 at 3), Defendants have not shown that there is a difference of opinion on that issue in this Circuit.[1]

In it January 16 order, the Court found that the "purposeful direction" prong of the specific jurisdiction test was satisfied because Plaintiffs have alleged that Defendants brought the Florida Action knowing that Plaintiffs were Arizona residents and the harm caused by the Florida Action would be felt in Arizona. Dkt. #32 at 4. The Court based this finding on Ninth Circuit cases interpreting *Calder v. Jones*, 465 U.S. 783 (1984). *Id.* at 3-4. Citing a case from the Seventh Circuit, *Wallace v. Herron*, 778 F.2d 391 (7th Cir. 1985), the Court noted that other circuits have limited *Calder*'s reach more sharply than the Ninth Circuit. *Id.* at 4-5 n.2.

Defendants assert that in making this comment, the Court "recognized the fact that there is a difference of opinion between the various Circuits when it comes to the due process analysis of *in personam* jurisdiction." Dkt. #34 at 2. Citing *Bancroft & Masters, Inc. v. Augusta National Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000), the Court also recognized that cases from this Circuit "'bear out the conclusion that 'express aiming' encompasses wrongful conduct individually targeting *a known forum resident*.'" Dkt. #32 at 4-5 n.2 (emphasis added).

*Bancroft* specifically addressed the "express aiming" required to support specific jurisdiction in intentional tort cases, concluding that "the requirement is satisfied when the defendant is alleged to have engaged in wrongful conduct *targeted at a plaintiff whom the*

---

[1] Defendants do not contend that there is a difference of opinion with respect to the venue question. *See* Dkt. ##34 at 2-5, 43 at 3-4.

- 2 -

1 *defendant knows to be a resident of the forum state.*" 223 F.3d at 1087 (emphasis added).
2 Defendants do not dispute that *Bancroft* is controlling precedent in this Circuit. *See Myers*
3 *v. Bennett Law Offices*, 238 F.3d 1068, 1073-74 (9th Cir. 2001) (request for credit reports
4 "was 'expressly aimed at Nevada because it individually targeted' the Myerses who Bennett
5 knew were Nevada residents") (quoting *Bancroft*; brackets omitted); *Dole Food Co. v. Watts*,
6 303 F.3d 1104, 1111 (9th Cir. 2002) (quoting *Bancroft*); *Harris Rutsky & Co. Ins. Servs., Inc.*
7 *v. Bell & Clements Ltd.*, 328 F.3d 1122, 1131 (9th Cir. 2003) (*Calder* effects test met where
8 the defendant knew plaintiff was a California resident and the harm was felt in California
9 because plaintiff was a California corporation) (citing *Bancroft*); *CE Distrib., LLC v. New*
10 *Sensor Corp.*, 380 F.3d 1107, 1111-12 (9th Cir. 2004) ("In the face of New Sensor's
11 awareness of the harm to CE's exclusive business located in Arizona, and because of the
12 intentional nature of New Sensor's action, the first (intentional act) and second (aimed at
13 Arizona) requirements for specific jurisdiction are met.") (citing *Bancroft*); *Menken v. Emm*,
14 503 F.3d 1050, 1059 (9th Cir. 2007) ("Menken sufficiently alleges that Tomerlin engaged
15 in wrongful conduct targeted at Menken, whom Tomerlin knew to be a resident of Arizona.")
16 (citing *Bancroft*). Other Circuits may have limited the scope of the *Calder* effects test more
17 sharply than this Circuit, but those differences of opinion do not warrant certification of an
18 interlocutory appeal in this case. *See Kight v. Eskanos & Adler, P.C.*, No. Civ. 05CV1999-
19 L(AJB), 2007 WL 173825, at *2 (S.D. Cal. Jan. 8, 2007) (denying request for certification
20 where "several Ninth Circuit cases address the legal issue which was presented in
21 Defendant's motion to dismiss"); *Envtl. Protection Info. Ctr. v. Pac. Lumber Co.*, No. C 01-
22 2821, 2004 WL 838160, at *4 n.8 (N.D. Cal. Apr. 19, 2004) (noting that any difference of
23 opinion between the Ninth Circuit and other jurisdictions was immaterial to the § 1292(b)
24 certification issue in light of the controlling Ninth Circuit precedent); *Thomas Weisel*
25 *Partners LLC v. BNP Paribas*, No. C 07-06198 MHP, 2009 WL 55946, at *3-4 (N.D. Cal.
26 Jan. 7, 2009) (denying request for § 1292(b) certification where the court's application of the
27 *Calder* effects test was based on "firmly established" Ninth Circuit precedent).
28             Because § 1292(b) is a departure from the normal rule that only final judgments are

1 appealable, the statute "must be construed narrowly," *James v. Price Stern Sloan, Inc.*, 283
2 F.3d 1064, 1067 n.6 (9th Cir. 2002), and "applied sparingly and only in exceptional cases,"
3 *United States v. Woodbury*, 263 F.2d 784, 788 n.11 (9th Cir. 1959).  Defendants have not
4 shown that this is one of the rare cases appropriate for interlocutory review under § 1292(b).
5 The Court will therefore deny the motion to amend order.

**IT IS ORDERED** that Defendants' motion to amend order (Dkt. #34) is **denied**.

DATED this 26th day of February, 2009.

David G. Campbell
United States District Judge